UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| POWERTEC SOLUTIONS INTERNATIONAL LLC, | : |
| Plaintiff, | : Court No. 22-00322 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

# **ORDER**

Upon considering defendant's partial motion to dismiss plaintiff's complaint; and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion is granted; and it is further

**ORDERED** that the claim relating to cables alleged in plaintiff's complaint is dismissed.


Dated: _____                        _____
        New York, New York                        HON. TIMOTHY M. REIF, JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| POWERTEC SOLUTIONS INTERNATIONAL LLC, | : |
| Plaintiff, | : Court No. 22-00322 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

## DEFENDANT'S PARTIAL MOTION TO DISMISS

Defendant, pursuant to Rules 7 and 12(b)(1) of the United States Court of International Trade, hereby moves this Court for an Order dismissing the claim in plaintiff's complaint relating to cables for lack of subject matter jurisdiction. As set forth in the memorandum of law attached to this motion, this Court lacks jurisdiction over claims concerning this merchandise because plaintiff failed to protest the classification and assessment of Section 301 duties as to the cables. Accordingly, defendant's motion should be granted.

WHEREFORE, defendant respectfully moves this Court to enter an order dismissing all claims in plaintiff's complaint relating to cables.

|  | Respectfully submitted, |
|---|---|
|  | YAAKOV M. ROTH<br>Acting Assistant Attorney General<br>Civil Division |
|  | PATRICIA M. McCARTHY<br>Director |
|  | JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office |
|  | AIMEE LEE<br>Assistant Director |
| Of Counsel:<br>Michael A. Anderson<br>Office of the Assistant Chief Counsel<br>International Trade Litigation<br>U.S. Customs and Border Protection<br><br>Dated: May 27, 2025 | /s/ Monica P. Triana<br>MONICA P. TRIANA<br>Senior Trial Counsel<br>Department of Justice, Civil Division<br>Commercial Litigation Branch<br>26 Federal Plaza, Room 346<br>New York, New York 10278<br>(212) 264-9236<br>*Attorneys for Defendant* |

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE TIMOTHY M. REIF, JUDGE

_____
                                            :
POWERTEC SOLUTIONS INTERNATIONAL LLC,       :
                                            :
                        Plaintiff,          :   Court No. 22-00322
                                            :
            v.                              :
                                            :
UNITED STATES,                              :
                                            :
                        Defendant.          :
_____ :

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

|  | YAAKOV M. ROTH |
|---|---|
|  | Acting Assistant Attorney General |
|  | Civil Division |
|  |  |
|  | PATRICIA M. McCARTHY |
|  | Director |
|  |  |
|  | JUSTIN R. MILLER |
|  | Attorney-In-Charge |
|  | International Trade Field Office |
|  |  |
|  | AIMEE LEE |
|  | Assistant Director |
|  |  |
|  | MONICA P. TRIANA |
| Of Counsel: | Senior Trial Counsel |
| Michael A. Anderson | Department of Justice, Civil Division |
| Office of the Assistant Chief Counsel | Commercial Litigation Branch |
| International Trade Litigation | 26 Federal Plaza, Room 346 |
| U.S. Customs and Border Protection | New York, New York 10278 |
|  | (212) 264-9236 |
| Dated: May 27, 2025 | *Attorneys for Defendant* |

**TABLE OF CONTENTS**

BACKGROUND ................................................................................................................2

ARGUMENT....................................................................................................................6

    I.     Standard of Review................................................................................................6

    II.    This Court Lacks Jurisdiction Over Claims Involving The Cable Because PowerTec Never Protested Classification Of The Cables Under Subheading 9802.00.50 Or The Assessment Of Section 301 Duties On The Full Value Of The Cables ........................................................................................................7

CONCLUSION................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Chrysal USA, Inc. v. United States*,
853 F. Supp. 2d 1314 (Ct. Int'l Trade 2012) ............................................................. 6, 7, 8

*Computime, Inc. v. United States*,
772 F.2d 874 (Fed. Cir. 1985) ............................................................................................ 7

*Davies v. Arthur*,
96 U.S. 148 (1877) ............................................................................................................. 7

*Design Int'l Grp., Inc. v. United States*,
113 F. Supp. 3d 1342 (Ct. Int'l Trade 2015) ................................................................... 6

*Koike Aronson, Inc. v. United States*,
165 F.3d 906 (Fed. Cir. 1999) ........................................................................................... 7

*Shah Bros., Inc. v. United States*,
770 F. Supp. 2d 1367 (Ct. Int'l Trade 2011) ................................................................... 6

*Tail Active Sportswear v. United States*,
793 F. Supp. 325 (Ct. Int'l Trade 1992) ........................................................................... 9

**Harmonized Tariff Schedule of The United States**

Chapter 85

  Heading 8505

    Subheading 8504.40.60 ............................................................................................ 3, 5

Chapter 98

  Heading 9802

    Subheading 9802.00.40 ................................................................................................ 2

    Subheading 9802.00.50 ..................................................................................... *passim*

    Subheading 9802.00.60 ................................................................................................ 2

    Subheading 9802.50.00 ............................................................................................ 3, 4

Chapter 99

  Heading 9903

    Subheading 9903.88.03 ............................................................................................. 3, 5

    Subchapter III, U.S. Note 20(e) ................................................................................ 1, 2

**Rules**

Rule 12(b)(1) .................................................................................................................... 1

**Statutes**

19 U.S.C. 1514 ........................................................................................................... 7, 8, 9

28 U.S.C. § 1581 ................................................................................................................ 7

Section 515 of the Tariff Act of 1930 ................................................................................ 7

**Regulations**

19 C.F.R. § 10.8 ........................................................................................................ 4, 8, 9

19 C.F.R. § 174.13 ......................................................................................................... 7, 8

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| POWERTEC SOLUTIONS INTERNATIONAL LLC, : | |
| : | |
| Plaintiff, : | Court No. 22-00322 |
| : | |
| v. : | |
| : | |
| UNITED STATES, : | |
| : | |
| Defendant. : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S PARTIAL MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that this Court dismiss the portion of plaintiff, PowerTec Solutions International LLC's (PowerTec), complaint relating to the imported cables. The complaint references two products: (1) power supplies, and (2) cables. However, PowerTec did not protest any action taken by CBP with respect to the cables – either the classification or the assessment of Section 301 duties on their value – and PowerTec cannot now bring an action covering cables.

This action challenges the assessment of Section 301 duties on the full value of the categories of merchandise included in the entry at issue – power supplies and cables. Specifically, PowerTec claims that both items were previously imported, exported for repair, and that it only owed duties (which includes Section 301 duties) on the value of the repairs performed abroad, under subheading 9802.00.50, Harmonized Tariff Schedule of the United States (HTSUS). *See* Compl., ¶¶ 9-11, 18; Chapter 99, Subchapter III, U.S. Note 20(e),

HTSUS.[1]  However, the protest, accompanying declarations and PowerTec's submitted entry summaries, do not support this claim.  Indeed, there is no statement, and no indication that PowerTec intended to challenge the duty payment with respect to the cables.  Instead, the protest is limited to contesting the assessment of Section 301 duties on the power supply, claiming classification of the power supply under subheading 9802.00.50, HTSUS, as goods exported for repair and returned to the United States.  PowerTec neither claimed the applicability of subheading 9802.00.50, HTSUS, to the cables nor did it attempt to limit the assessment of Section 301 duties to any purported repairs or alterations of the cables.  Although plaintiff submitted numerous entry summaries (at entry, with a post summary correction (PSC) and with the protest), one thing remained consistent, plaintiff's assertion that the full value of the cables in this entry were dutiable.

Because PowerTec did not properly protest the cables, this Court should dismiss the portion of plaintiff's complaint pertaining to the cables.

## BACKGROUND

This action concerns one entry of merchandise (Entry No. 267-0612347-3) filed at the Port of Nashville, Tennessee on February 21, 2021.  *See* Summons, ECF No. 1.  As identified in the complaint, and noted in PowerTec's submissions filed with U.S. Customs and Border Protection (CBP), the merchandise in the entry included both power supplies and cables.  Compl., ¶ 8; ECF No. 6-1.  At entry the merchandise was identified under a single line item on

---

[1] Subheading 9802.00.50 covers "Articles returned to the United States after having been exported to be advanced in value or improved in condition by any process of manufacture or other means . . . Articles exported for repairs or alterations . . . Other."

Chapter 99, Subchapter III, Note 20(e), HTSUS, provides that "[f]or subheadings 9802.00.40, 9802.00.50, and 9802.00.60, the additional duties apply to the value of repairs, alterations, or processing performed abroad, as described in the applicable subheading."

2

the entry summary. ECF No. 6-1, at 46-47. It was liquidated, as entered, on August 6, 2021, under subheading 8504.40.60, HTSUS, a duty-free provision, and because the merchandise was from China, assessed Section 301 duties on the full entered value of the merchandise ($█████),[2] under subheading 9903.88.03, HTSUS, at 25 percent *ad valorem*. *Id.* at 36, 47.

On April 7, 2021, prior to liquidation, plaintiff submitted a post summary correction with a corrected invoice, a revised entry summary, a CBP Form 4455 (a Certificate of Registration, which includes a section titled "certificate of return") and two declarations. *See* ECF No. 6-1, at 35, 41-60. The revised invoice identified three items: (1) power supply, item no. PS36L-P7, quantity 6,912, at an amount of $█████ with a "Duty paid" notation; (2) cable, item no. PS7P8M-C-1.5, quantity 5,000, at an amount of $███; and (3) rework labor cost, at an amount of $████. *Id.* at 41.

The revised entry summary (ECF No. 6-1 at 52-53) identifies two line items (instead of one on the original entry). Line 1 appears to correspond to the power supply, noting again the quantity of 6,912, but included a value only of $███, corresponding to the rework labor costs referenced in the invoice, and line 2 appears to cover the cable, based on the quantity of 5,000, with a value of $████, the full value of the item. *Id.* at 52. On the revised entry summary, the total entered value was $█████, the full value of the cables ($█████), and the rework value of the power supplies ($████). *Id.* at 52-53. Subheading 9802.00.50, HTSUS, was not identified on the revised entry summary.

CBP form 4455, the certificate of registration submitted with the PSC, listed the items exported for repair as "power supplies-PS36L-P7." *Id.* at 44. In the section titled "certificate of return," PowerTec stated that the power supplies, item no. PS36L-P7, were exported because of a

---

[2] We redacted, from this public filing, the values identified by plaintiff in its entry papers, submitted to the Court under Rule 73.1. *See* Docket No. 6-1.

specified defect in the item. *Id.* The third-party declaration, signed by Frank Huang, from the entity that fixed the items, similarly referenced only that the power supplies, item no. PS26L-P7, were fixed. *Id.* at 45. Maja Gammons, from PowerTec, also declared that the power supply, item No. PS36L-P7, was previously imported and then exported. *Id.* The PSC was rejected by CBP because PowerTec failed to claim classification in subheading 9802.00.50, HTSUS, and because the documents submitted were incorrect to support a claim under subheading 9802.00.50.

On December 23, 2021, PowerTec filed a protest related to the subject entry. Summons, ECF No. 1. As the primary issue, PowerTec stated "US Goods Returned," and as the "Reason for Protest," plaintiff stated "I have received the completed filled out form from the importer and will upload. Please review and advise if there is anything [] needed to approve this protest. I appreciate." *Id.* at 1. With the protest, plaintiff attached two documents, the same revised entry summary submitted with the PSC, *id.* at 6-7; 52-53, and two declarations provided pursuant to 19 C.F.R. § 10.8, *Articles exported for repairs or alterations*, *id.* at 4-5, necessary submissions where an importer claims classification under subheading 9802.00.50, HTSUS. The first declarant, identified as the person who performed the repairs, Howie Chen, indicated that the duties were previously paid on PS36L-P7, the power supply, but that the full value of item no. PS7P8M-C-1.5 (cable), $▮▮▮▮, and the "rework labor cost," $▮▮▮▮, was "Dutiable." *Id.* at 4. Stan Battat also provided a declaration, noting that Mr. Chen's declaration was true, and that items were exported for repair. *Id.* at 5. The items sent for repair were not specified. *Id.*

On February 7, 2022, PowerTec provided eight additional documents in support of its protest, including a second revised entry summary, *id.* at 28-29, which now included three line items. Comparing the quantity and value information from plaintiff's corrected invoice, it

4

appears that Line No. 1 corresponded to the "Rework Labor Cost," Line No. 2 corresponded to the "Cable Item No. PS7P8M-C-1.5"; and Line No. 3 corresponded to the "Power Supply Item No. PS36L-P7." *Id.*; *see also id.* at 8-9 & 41-42 (corrected invoice submitted with PSC and protest).

Line No. 1 of the second revised entry summary (corresponding to the "Rework Labor Cost,") was reported under subheadings 9903.88.03, HTSUS, dutiable at 25 percent, and 8504.40.60, HTSUS, duty-free. *Id.* at 28; 8-9. The Section 301 duties under subheading 9903.88.03, HTSUS, were declared based on the full value of the item, the work performed on the power supply i.e., repair on the merchandise ($███) and the duty under that subheading was reported as $███ (25 percent of the value of the work performed outside the U.S.). *Id.* Line No. 2, (corresponding to the cable, item no. PS7P8M-C-1.5), was reported under subheadings 9903.88.03, HTSUS, dutiable at 25 percent, and 8504.40.60, HTSUS, duty-free, with no mention of subheading 9802.00.50, HTSUS. *Id.* The Section 301 duties under subheading 9903.88.03, HTSUS, were declared based on the full value of the item ($███) and the duty under subheading 9903.88.03, HTSUS was reported as $███ (25 percent of the value). *Id.* Line No. 3, (corresponding to the "Power Supply Item No. PS36L-P7,") was reported under subheading 9903.88.03, HTSUS, dutiable at 25 percent and 8504.40.60, HTSUS, duty-free, and subheading 9802.00.50, HTSUS. *Id.* Although the value of the item was reported as $███, the applicable duties under all three subheadings for Line No. 3 was reported as $0.00 based on classification in subheading 9802.00.50, HTSUS. *Id.* Plaintiff only asserted classification in subheading 9802.00.50, HTSUS, with respect to the value of the power supplies and not the cables. On May 12, 2022, CBP denied the protest. *Id.* at 1

On November 7, 2022, PowerTec filed a summons in this Court, identifying the

merchandise as "imported power supplies after repairs or alterations" and stating the issue as "[w]hether a duty refund should be issued on the imported merchandise, which was returned after having been exported for repairs or alterations." Summons, Docket No. 1. PowerTec asserts, in its complaint, that both the cables and the power supplies were previously imported and exported for repair. Compl., ¶¶ 8-16. Plaintiff further claims that the merchandise in the February 16, 2021 entry at issue was a re-importation of those same categories of merchandise. *Id.*

PowerTec did not protest the applicability of subheading 9802.00.50, HTSUS, to the cables, nor did it attempt, during the administrative process, to limit the assessment of Section 301 duties to any purported repairs or alterations of the cables. To the contrary, plaintiff has maintained that the full value of the cables was dutiable and that the identified repairs related to the power supplies. The Court, therefore, lacks jurisdiction to consider any claims with respect to the classification and rate of duties assessed on the cables, and any such challenge should be dismissed.

## ARGUMENT

### I.     Standard of Review

As the plaintiff, PowerTec bears the burden of demonstrating that this Court has jurisdiction over each of its claims. *Design Int'l Grp., Inc. v. United States*, 113 F. Supp. 3d 1342, 1344 (Ct. Int'l Trade 2015). Whether jurisdiction exists is a question of law. *Shah Bros., Inc. v. United States*, 770 F. Supp. 2d 1367, 1370 (Ct. Int'l Trade 2011). In answering this question of law on a Rule 12(b)(1) motion to dismiss, the Court can assess the sufficiency of the protests underlying the action. *See, e.g.*, *Chrysal USA, Inc. v. United States*, 853 F. Supp. 2d 1314, 1330 (Ct. Int'l Trade 2012) (concluding a protest was insufficient and dismissing action on

a Rule 12(b)(1) motion).

**II.     This Court Lacks Jurisdiction Over Claims Involving The Cables Because PowerTec Never Protested Classification Of The Cables Under Subheading 9802.00.50 Or The Assessment Of Section 301 Duties On The Full Value Of The Cables**

This Court lacks jurisdiction over PowerTec's claims involving the imported cables because PowerTec failed to protest classification under subheading 9802.00.50, HTSUS, or the assessment of Section 301 duties on the full value of the cables.  Jurisdiction is limited "to appeals from denials of valid protests."  *Koike Aronson, Inc. v. United States*, 165 F.3d 906, 908 (Fed. Cir. 1999) (per curiam); *see also* 28 U.S.C. § 1581(a) (the Court "shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.")  For a protest to be valid, a protest must satisfy the requirements of 19 U.S.C. § 1514(c).  Specifically, the protesting party must "set forth distinctly and specifically," among other items, (1) "each decision [of Customs] . . . as to which protest is made," (2) "each category of merchandise affected by each" of Customs' classification decisions, and (3) "the nature of each objection and the reasons therefor."  19 U.S.C. § 1514(c)(1).  Customs' implementing regulations require the same: the protest "shall contain … [a] specific description of the merchandise affected by the decision as to which protest is made."  19 C.F.R. § 174.13(a)(5).

These requirements, which are "jurisdictional," "straightforward and not difficult to satisfy," *Koike Aronson*, 165 F.3d at 909, are not mere technicalities.  Specificity in a protest has long been considered vital "to notify [Customs] of its true nature and character to the end that [Customs] might ascertain the precise facts, and have an opportunity to correct the mistake and cure the defect, if it was one which could be obviated."  *Davies v. Arthur*, 96 U.S. 148, 151 (1877).  Accordingly, protests are not "akin to notice pleadings" that leave Customs guessing as

7

to "what is in the mind of the protestant." *Computime, Inc. v. United States*, 772 F.2d 874, 878–79 (Fed. Cir. 1985) (quotation omitted). When a protest fails "to apprise Customs of the nature and character of the protestant's complaint," thus depriving Customs of the opportunity to investigate, courts "have not hesitated to dismiss cases . . . ." *Chrysal USA, Inc.*, 853 F. Supp. 2d at 1322.

Here, the protest fails to meet this legal standard with respect to the cables because it does not notify Customs that PowerTec was protesting the classification, or the assessment of Section 301 duties, on the cables. PowerTec's documents supporting the protest show that PowerTec believed that the cables were correctly classified as entered and subject to Section 301 duties based on their full value. *See e.g.,* ECF No. 6-1 at 28-29 (second revised entry summary), 4-5 (19 C.F.R. § 10.8 Declaration), 11 (CBP Form 4455); 17-18, 41-42 (revised invoice). Examination of the protest documentation also demonstrates plaintiff's objections to the classification and amount of duties charged with respect to the power supplies. *Id.* No such claim was made with respect to the cables.

Indeed, plaintiff's protest failed to specifically identify the cables as a category of merchandise affected by the protest decision, as required by 19 U.S.C. § 1514(c) and 19 C.F.R. § 174.13. PowerTec's protest lists as the primary issue as "U.S Goods Returned" and as the reason for the protest "I have received the completed filled out form from the importer and will upload. Please review and advise if there is anything [] needed to approve this protest. I appreciate!" *See* Docket No. 6-1 at 1. Unlike with respect to the power supplies, PowerTec did not claim classification of the cables in subheading 9802.00.50, HTSUS, on its revised entry summary – a classification which limits the duty for reimported goods to the value of its alterations – nor did plaintiff challenge the assessment of Section 301 duties on the full value of the imported cables,

8

$▮▮▮.  Docket No. 6-1 at 1, 28-29.  As set forth more fully above, the supporting documentation, including the revised entry summaries filed with the PSC and the protest, states that Section 301 duties were applicable to the full value of the cables, never identifying alterations to the cables.  *See* Docket No. 6-1, at 52-53, 28-29 (entry summaries).

Under the standard that applies to protests, PowerTec could not have apprised Customs that it was challenging the classification of a category of merchandise – the cables – that it never claimed should be classified under subheading 9802.00.50, HTSUS.  *Tail Active Sportswear v. United States*, 793 F. Supp. 325, 328 (Ct. Int'l Trade 1992) (dismissing plaintiff's challenge to the classification of men's wearing apparel for failure to protest); *see also* ECF No. 6-1 at 28-29 (second revised entry summary); 4-5 (19 C.F.R. § 10.8 Declaration).  PowerTec simply did not identify any challenged decision affecting this category of merchandise, the cables, much less "distinctively and specifically" as is required by statute.  *See* 19 U.S.C. § 1514(c)(1).

The facts of *Tail Active Sportswear* are illustrative of the standard and its application.  There, the plaintiff imported women's and men's wearing apparel in a single entry.  The plaintiff protested, but only as to women's wearing apparel.  793 F. Supp. at 326.  The plaintiff later sued, challenging the classification of the men's wearing apparel from the entry, but the court dismissed the suit.  The protest "did not distinctly and specifically set forth *men's wearing apparel* as the category of merchandise as to which the classification, rate of duty and liquidation was protested."  *Id.* at 328 (emphasis in original).  The protest, filed by an experienced counsel, was "quite precise, definitive and articulate, *but only in respect to challenging the administrative decisions affecting the women's wearing apparel* as the category of merchandise under protest."  *Id.* (emphasis in original).  While the protest here was not specific as to any category of goods, the revised entry summary and other supporting documentation support a challenge to the

9

classification of the power supplies as goods exported for repair and returned to the United States that were incorrectly assessed with Section 301 duties based on the full value of the item (and not just the value of the alterations), but no such claim was made with respect to the cables.

This Court should, therefore, dismiss all claims relating to the cables for lack of subject matter jurisdiction.

## CONCLUSION

For these reasons, we respectfully request that the Court grant our motion to dismiss all claims relating to cables.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:   /s/ Aimee Lee
      AIMEE LEE
      Assistant Director

      /s/ MONICA P. TRIANA
      MONICA P. TRIANA
      Senior Trial Counsel
      Department of Justice, Civil Division
      Commercial Litigation Branch
      26 Federal Plaza – Suite 346
      New York, New York 10278
      (212) 264-9240

Dated: May 27, 2025            *Attorneys for Defendant*

10

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| POWERTEC SOLUTIONS INTERNATIONAL LLC, | : |
| Plaintiff, | : Court No. 22-00322 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

**CERTIFICATE OF COMPLIANCE PURSUANT TO**
**USCIT STANDARD CHAMBER PROCEDURE 2(B)**

    I, Monica Triana, Senior Trial Counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing memorandum, relying upon the word count feature of the word processing program used to prepare this motion and response, certify that this brief complies with the type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 2,852 words.

                                          /s/ Monica P. Triana