UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE TIMOTHY M. REIF, JUDGE

_____

POWERTEC SOLUTIONS INTERNATIONAL LLC,

                Plaintiff,

          v.

UNITED STATES,

                Defendant.
_____

Court No. 22-00322

# DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

BRETT SHUMATE
Assistant Attorney General
Civil Division

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

Of Counsel:
Michael A. Anderson
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated: July 7, 2025

MONICA P. TRIANA
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9236
*Attorneys for Defendant*

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| POWERTEC SOLUTIONS INTERNATIONAL LLC, | :<br>:<br>: |
| Plaintiff, | : Court No. 22-00322 |
| v. | :<br>:<br>: |
| UNITED STATES, | :<br>: |
| Defendant. | :<br>: |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN**
**SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

Defendant, the United States (Government), respectfully submits this reply brief in further support of its motion to dismiss the portion of plaintiff, PowerTec Solutions International LLC's (PowerTec), complaint relating to the imported cables.

As explained more fully in our opening brief, the complaint references two products: (1) power supplies, and (2) cables. PowerTec protested U.S. Customs and Border Protection's (CBP) decision regarding the power supplies. 19 U.S.C. § 1514(a). However, PowerTec did not protest any CBP decision with respect to the second category of products, the cables – either the classification or the assessment of Section 301 duties on their value. Because PowerTec did not protest CBP's decision regarding the cables, it cannot now bring an action to encompass that product. *Id*.

PowerTec notes in its response brief, *see* ECF No. 20, that "plaintiff consents to the defendant's partial motion to dismiss, as it does not affect the core claims raised in the complaint." Pl. Br. at 1; *see also id.* at 4, 8. Accordingly, plaintiff consented to the dismissal of any claims in its complaint related to the cables. *Id.* As plaintiff noted, "[t]he imported merchandise to which this action relates is identified, or described as, power supplies (PS-36L-P7)." *See also* Pl. Br. at 1-2.

Notwithstanding, the parties' agreement that this case only covers the power supplies in the entries at issue, PowerTec continues to argue that the remaining claims "are valid." Pl. Br. at 5. We

reiterate that the Government did not challenge the Court's subject matter jurisdiction over the remaining claim in the complaint – the assessment of Section 301 duties on the full value of power supplies. The validity of plaintiff's claim concerning the duties owed on the power supplies remains in dispute. Specifically, that claim considers whether the power supplies were previously imported, then exported for repair, and later re-imported, such that PowerTec only owes duties (which includes Section 301 duties) on the value of the repairs performed abroad, under subheading 9802.00.50, Harmonized Tariff Schedule of the United States (HTSUS). *See* Compl., ¶¶ 9-11, 18; Chapter 99, Subchapter III, U.S. Note 20(e), HTSUS.[1] The substantive claim is not the subject of this motion to dismiss, and we anticipate that the parties will engage in discovery on these issues as the case progresses through litigation.

Because PowerTec consents to the relief sought in our motion to dismiss, we respectfully request that our motion be granted, and that this Court should dismiss the portion of plaintiff's complaint pertaining to the cables for lack of subject matter jurisdiction.

---

[1] Subheading 9802.00.50 covers "Articles returned to the United States after having been exported to be advanced in value or improved in condition by any process of manufacture or other means . . . Articles exported for repairs or alterations . . . Other."

Chapter 99, Subchapter III, Note 20(e), HTSUS, provides that "[f]or subheadings 9802.00.40, 9802.00.50, and 9802.00.60, the additional duties apply to the value of repairs, alterations, or processing performed abroad, as described in the applicable subheading."

2

## **CONCLUSION**

For these reasons, we respectfully request that the Court grant our motion to dismiss all claims relating to cables.

                                                  Respectfully submitted,

                                                  BRETT A. SHUMATE
                                                  Assistant Attorney General
                                                  Civil Division

                                                  PATRICIA M. McCARTHY
                                                  Director

                                                  JUSTIN R. MILLER
                                                  Attorney-In-Charge
                                                  International Trade Field Office

                          By:     /s/ Aimee Lee
                                                  AIMEE LEE
                                                  Assistant Director

                                                  /s/ MONICA P. TRIANA
                                                  MONICA P. TRIANA
                                                  Senior Trial Counsel
                                                  Department of Justice, Civil Division
                                                  Commercial Litigation Branch
                                                  26 Federal Plaza – Suite 346
                                                  New York, New York 10278
                                                  (212) 264-9240
Dated: July 7, 2025                                *Attorneys for Defendant*

3

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE TIMOTHY M. REIF, JUDGE

_____
                                          :
POWERTEC SOLUTIONS INTERNATIONAL LLC,     :
                                          :
                    Plaintiff,            :   Court No. 22-00322
                                          :
            v.                            :
                                          :
UNITED STATES,                            :
                                          :
                    Defendant.            :
_____ :

## CERTIFICATE OF COMPLIANCE PURSUANT TO
## USCIT STANDARD CHAMBER PROCEDURE 2(B)

I, Monica Triana, Senior Trial Counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing memorandum, relying upon the word count feature of the word processing program used to prepare this motion and response, certify that this brief complies with the type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 529 words.

/s/ Monica P. Triana

4