UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| POWERTEC SOLUTIONS INTERNATIONAL LLC, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) | Court No. 22-00322 <br><br> Public Version |

# PLAINTIFF'S RESPONSE TO
# <u>DEFENDANT'S PARTIAL MOTION TO DISMISS</u>

Dated: July 8, 2025

GEORGE R. TUTTLE III
Law Office of George R. Tuttle
A Professional Corporation
3950 Civic Center Drive, Suite 310
San Rafael, California 94903
Email: geo@tuttlelaw.com
Attorney for Powertec Solutions
    International LLC
Telephone: (415) 986-8780

# TABLE OF CONTENTS

**BACKGROUND** ............................................................................................................. 1

**Consent to Partial Motion to Dismiss** .................................................................... 4

**ARGUMENT** ................................................................................................................. 5

    I.   Standard of Review ............................................................................................ 5

    II.  The Court's Jurisdiction .................................................................................... 5

    III. Timeliness and Standing ................................................................................... 6

    IV. Entitlement to Duty-Free Treatment Under HTSUS 9802.00.50 ......................... 6

    V.   Improper Assessment of Section 301 Duties ..................................................... 8

    VI. Refund of Section 301 Duties ............................................................................ 8

**CONCLUSION** ............................................................................................................. 8

# **TABLE OF AUTHORITIES**

Cases

*Alcan Aluminum Corp. v. United States*,
   28 C.I.T. 2067 (Ct. Inti. Trade 2004)............................................................................5

*Arbaugh v. Y & H Corp.*,
   126 S. Ct. 1235 (S. Court 2006)....................................................................................5

*ARP Materials, Inc. v. United States*,
   520 F. Supp. 3d 1341 (Ct. Inti. Trade 2021).................................................................8

*Chevron Chem. Co. v. United States*,
   23 C.I.T. 500 (Ct. Inti. Trade 1999)...........................................................................6, 7

*Corrpro Cos. v. United States*,
   433 F.3d 1360 (Fed. Cir. 2006).....................................................................................**8**

*Design Int'l Grp., Inc. v. United States*,
   113 F. Supp. 3d 1342 (Ct. Inti. Trade 2015).................................................................5

*Dolliff & Co., Inc., v. United States*,
   81 Cust. Ct. 1, (Customs Court 1978), affd, 66 C.C.P.A. 77 (CCPA 1979) ..............7

*Epoch Design LLC v. United States*,
   36 C.I.T. 26 (Ct. Inti. Trade 2012)................................................................................**6**

*Guardian Indus. Corp. v. United States*,
   3 C.I.T 9 (Ct. Inti. Trade 1982).....................................................................................7

*Jankovich Co. v. United States*,
   2015 Ct. Inti. Trade LEXIS 147, *7 (Ct. Inti. Trade 2015) .........................................**6**

*Keeler v. United States*,
   45 C.C.P.A. 67 (CCPA 1958).......................................................................................1

*Kent Displays, Inc. v. United States*,
   698 F. Supp. 3d 1339 (Ct. Inti. Trade 2024).................................................................**8**

*Koike Aronson, Inc. v. United States*,
   165 F.3d 906 (Fed. Cir. 1999).......................................................................................5

*Norsk Hydro Can., Inc. v. United States*,
   472 F.3d 1347 (Fed. Cir. 2006).....................................................................................5

*Press Wireless, Inc. v. United States*,
   6 Cust. Ct. 102 (Customs Court 1941).....................................................................1, 7

Steel Co. v. Citizens for a Better Envt,
 118 S. Ct. 1003 (S. Court 1998)........................................................................................5

*VWP of Am., Inc. v. United States*,
 30 C.I.T. 1580 (O. Intl. Trade 2006)................................................................................5

**Statutes**

19 U.S.C. 1514.................................................................................................................3, 5, 6, 8

19 U.S.C. 1515........................................................................................................................1, 8

28 U.S.C. 1581(a)................................................................................................................1, 5, 6

28 U.S.C. 2631(a)........................................................................................................................6

28 U.S.C. 2636........................................................................................................................4, 5

**Regulations**

**19 CER 10.8**................................................................................................................4, 6, 7, 8

19 CFR 174.13(a)(5)....................................................................................................................4

19 CFR 181.64.............................................................................................................................8

**Rules**

Rule 12(b)(1)................................................................................................................................5

**Harmonized Tariff Schedule of the United States**

Subheading 8504.40.6001 ...........................................................................................................2

Subheading 9802.00.50 .......................................................................................................passim

Subheading 9903.88.03 ..........................................................................................................3, 8

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| POWERTEC SOLUTIONS INTERNATIONAL LLC, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) | Court No. 22-00322 <br><br> Public Version |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S PARTIAL MOTION TO DISMISS

Plaintiff, PowerTec Solutions International LLC (hereinafter "PowerTec") hereby submits this response to Defendant's Partial Motion to Dismiss (hereinafter "Def MTS") in which the government moves the Court for an Order dismissing the claim in Plaintiffs complaint relating to cables for lack of subject matter jurisdiction. The plaintiff consents to the defendant's partial motion to dismiss, as it does not affect the core claims raised in the complaint. The plaintiff maintains that the Court has jurisdiction under 28 U.S.C. 1581(a) and that the claims are firmly grounded in statutory provisions and legal precedent. The plaintiff seeks a refund of improperly assessed Section 301 duties, asserting that the duties should only apply to the value of repairs or alterations performed abroad, as provided under 9802.00.50, HTSUS. *Press Wireless, Inc. v. United States*, 6 Cust. Ct. 102 (Customs Court 1941), *Keeler v. United States*, 45 C.C.P.A. 67 (CCPA 1958).

## BACKGROUND

This action contests the decision of the United States Customs and Border Protection (hereinafter "CBP" or "Customs") denying Protest No. 2007-21-101071, pursuant to 19 U.S.C. 1515. Compl. ¶ 1, ECF 7. Entry 267-0612347-3, dated February 16, 2021, entered at the Port of Nashville, Tennessee. Summons, ECF 1. The imported merchandise to which this action relates

is identified, or described as, power supplies (PS-36L-P7). Compl. ¶ 8, ECF 7. This case essentially concerns the improper assessment of Section 301 duties on goods re-imported into the United States under Entry No. 267-0612347-3. The merchandise, power supplies (PS-36L-P7), was initially imported from China into the U.S. with duties paid, exported for repairs, and subsequently returned. Compl. ¶9-11, ECF 7. PowerTec contends that the second assessment of Section 301 duties on the full value of the goods is improper under HTSUS 9802.00.50, which provides for a duty exemption on the value of goods exported for repair and re-imported without enhancement or significant alteration.

The power supplies (PS-36L-P7) were originally entered into the United States and duty paid under CE 267-0620339-5, dated October 7, 2019 [Note, Plaintiffs complaint incorrectly identified this entry as CE 267-0620339-5, whereas it should have been CE 267-06102295]; CE 267-0610183-4, dated October 2, 2019; and CE 267-0610097-6 of September 17, 2019. Compl. ¶9, ECF 7. The power supplies (PS-36L-P7) were subsequently determined to be defective and exported for repair by PowerTec on May 30, 2020. Compl. ¶ 10, ECF 7. The supplier replaced faulty parts but did not otherwise modify or enhance the goods. The power supplies were defective because their "indication LED" was trigged at normal charging, so one of the resistors had to be replaced. The repair value was ▮▮▮. ECF 6-1.

After repair, the power supplies (PS-36L-P7) were re-imported under Entry 267-0612347-3, dated February 16, 2021, and classified under 8504.40.6001, HTSUS,[1] free of duty,

---

[1] 8504.40.6001, HTSUS, provides for: Electrical transformers, static converters (for example, rectifiers) and inductors; parts thereof: Static converters: Power supplies for automatic data processing machines or units thereof of heading 8471; power supplies for goods of subheading 8443.31 or 8443.32; power supplies for monitors of subheading 8528.42 or 8528.52 or projectors of subheading 8528.62: Suitable for physical incorporation into automatic data processing machines or units thereof of heading 8471,With a power output not exceeding 50 W (free of duty).

Plaintiffs Response to Defendant's Partial Motion To Dismiss
Court No. 22-00322

and 9903.88.03, HTSUS, as articles of China at a duty rate of 25%. Compl. ▮ 11, ECF 7. The declared value of the power supplies (PS-36L-P7) was ▮▮▮▮▮ and the value of the cables, which are the subject of the partial motion to dismiss, was ▮▮▮▮. ECF 6-1. At the time of entry, PowerTec deposited Section 301 duties and fees in the amount of ▮▮▮▮, of which ▮▮▮▮▮ was the Section 301 duties for the power supplies.

PowerTec filed a Post Summary Correction ("PSC") on April 7, 2021, to amend the entry to include a claim under 9802.00.50, HTSUS,[2] for the value of the power supplies (PS-36L-P7) showing the cost or value of the repairs or alterations outside the United States, as set forth in the invoice and entry documentation. The PSC included a corrected invoice, a revised entry summary (CBP form 7501), a certificate of registration (CBP form 4455) signed by Stan Battat of PowerTec, and Declarations pursuant to Section 10.8a Imported articles exported and reimported signed by Frank Huang of Youwon Enterprises, Co., Ltd, the company that conducted the repairs, as well as Maja Gibbons, Director of Operation of PowerTec. ECF 6-1. In July 2021, a second PSC was submitted with additional supporting documents.

Both PSCs were denied, with CBP stating that the entry had already liquidated. Entry 267-0612347-3 was liquidated on August 6, 2021, and the imported merchandise was assessed on the full value of the merchandise under 9903.88.03, HTSUS, as articles of China at the Section 301 duty rate of 25%.

Thereafter, on December 23, 2021, PowerTec timely protested (Protest No. 2007-21-101071) the assessment of Section 301 duties under 19 U.S.C. 1514 on the full value of the

---

[2] 9802.00.50, HTSUS, provides for: Articles returned to the United States after having been exported to be advanced in value or improved in condition by any process of manufacture or other means: Articles exported for repairs or alterations made: Repairs or alterations made pursuant to a warranty: Other.

Plaintiffs Response to Defendant's Partial Motion To Dismiss
Court No. 22-00322

merchandise. PowerTec claimed that the returning repaired power supplies (PS-36L-P7) were entitled to duty free treatment under 9802.00.50, HTSUS; and that Section 301 duties should only be assessed on the value of the repairs or alterations performed abroad ▮). Compl. ¶ 17, ECF 7.

Despite submitting sufficient documentation, pursuant to 19 CFR 10.8 (including the commercial invoice, packing list, power of attorney, master bill of lading, brokers bill / invoice of service, and additional declarations signed by Howie Chen, General Manager of the company that conducted the repairs, and Stan Battat, President/Owner of PowerTec, attesting that the goods exported for repair were the same goods that were re-imported) to establish that the returning repaired power supplies (PS-36L-P7) were entitled to duty free treatment under 9802.00.50, HTSUS, the protest was denied, citing lack of supporting documentation under 19 CFR 174.13(a)(5)[3]. ECF 6-1.

PowerTec filed a Summons commencing this action within the time specified, pursuant to 28 U.S.C. 2636 to contest the denial of its protest by CBP. Summons, ECF 1. PowerTec originally argued that it is due a refund of Section 301 duties, in the amount of ▮, less the assessment of Section 301 duties on the value of rework charges of ▮. Compl. ¶ 18, ECF 7. With the dismissal of the claims related to the cables, this amount is revised to $▮, less the Section 301 duties on the value of the repairs.

### Consent to Partial Motion to Dismiss

The plaintiff consents to the defendant's partial motion to dismiss, as it does not affect the core claims raised in the complaint. The plaintiff acknowledges that the dismissal of certain

---

[3] 19 CFR 174.13(a)(5) specifies "A specific description of the merchandise affected by the decision as to which protest is made."

Plaintiffs Response to Defendant's Partial Motion To Dismiss
Court No. 22-00322

claims or issues may streamline the litigation process and allow the Court to focus on the substantive legal and factual disputes central to this case. The plaintiff maintains that the Court has jurisdiction under 28 U.S.C. 1581(a) and that the remaining claims asserted in the complaint are valid under applicable statutes and legal precedent.

## ARGUMENT

### I. Standard of Review

In order to adjudicate a case, a court must have subject matter jurisdiction over the claims presented. See *Steel Co. v. Citizens for a Better Env't*, 118 S. Ct. 1003, 1012 (S. Court 1998); see also *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1238 (S. Court 2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety."); see generally U.S. Court of Int'l Trade ("USCIT") Rule 12(b)(1). Plaintiff bears the burden of establishing subject matter jurisdiction. See *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006).

### II. The Court's Jurisdiction

In order to invoke the Court's jurisdiction under 28 U.S.C. 1581(a), a civil action must be based on the denial of a valid protest filed in accordance with 19 U.S.C. 1514. See *Koike Aronson, Inc. v. United States*, 165 F.3d 906, 908-09 (Fed. Cir. 1999), *Design Int'l Grp., Inc. v. United States*, 113 F. Supp. 3d 1342, 1344 (Ct. Inti. Trade 2015). The Court has jurisdiction over the remaining claims in this action pursuant to 28 U.S.C. 1581(a), as the plaintiff contests the denial of a protest filed under 19 U.S.C. 1514(a). *Alcan Aluminum Corp. v. United States*, 28 C.I.T. 2067 (Ct. Inti. Trade 2004). The protest was timely filed, and the action was commenced within the time limits prescribed by 28 U.S.C. 2636. *VWP of Am., Inc. v. United States*, 30 C.I.T. 1580 (Ct. Inti. Trade 2006), *Jankovich Co. v. United States*, 2015 Ct. Inti. Trade LEXIS 147, *7

Plaintiffs Response to Defendant's Partial Motion To Dismiss
Court No. 22-00322

(Ct. Intl. Trade 2015). ("Section 1581(a) grants the court jurisdiction to review 'the denial of a protest' under the Tariff Act of 1930. 28 U.S.C. § 1581(a).") These statutory provisions establish the Court's authority to adjudicate the claims raised in the complaint.

### III.  Timeliness and Standing

The plaintiff, as the importer of record, has standing to bring this action under 28 U.S.C. 2631(a). The protest was filed in accordance with 19 U.S.C. 1514(a), and all duties, taxes, and fees were paid prior to the commencement of this action. *Epoch Design LLC v. United States*, 36 C.I.T. 26 (Ct. Intl. Trade 2012). The plaintiffs compliance with these procedural requirements underscores the validity of its claims.

### IV.  Entitlement to Duty-Free Treatment Under HTSUS 9802.00.50

Subheading 9802.00.50 of the Harmonized Tariff Schedule of the United States (HTSUS) provides a partial or complete duty exemption for articles exported from and returned to the United States after being advanced in value or improved in condition by repairs or alterations, provided the documentary requirements of 19 CFR 10.8 are satisfied. The duty rate applicable to imported articles qualifying under subheading 9802.00.50, HTSUS, is calculated according to the rate that would apply to the articles if imported outside this provision. The assessment, however, is based only upon the value of the foreign repairs or alterations. *Chevron Chem. Co. v. United States*, 23 C.I.T. 500, 507 (Ct. Intl. Trade 1999).

19 CFR 10.8 provides that the following documents are required for the entry of articles which are returned after having been exported for repairs or alterations and which are claimed to be subject to duty only on the value of the repairs or alterations performed abroad under subheading 9802.00.50 (HTSUS):

1. A declaration from the person who performed such repairs or alterations; and

Plaintiffs Response to Defendant's Partial Motion To Dismiss
Court No. 22-00322

> 2. A declaration by the owner, importer, consignee confirming that such articles were exported from the United States for repairs or alterations and without benefit of drawback and that the articles entered in their repaired or altered condition are the same articles that were exported. 19 CFR § 10.8

Eligibility under subheading 9802.00.50, HTSUS, is precluded where: (1) the exported articles are not complete for their intended use and the foreign processing operation is a necessary step in the preparation or manufacture of finished articles; or (2) the operations performed abroad destroy the identity of the exported articles or create new or commercially different articles through a process of manufacture. See, e.g., *Guardian Indus. Corp. v. United States*, 3 C.I.T 9 (Ct. Intl. Trade 1982), and *Dolliff & Co., Inc., v. United States*, 81 Cust. Ct. 1, (Customs Court 1978), aff'd, 66 C.C.P.A. 77 (CCPA 1979). In this case, these circumstances do not apply as the exported articles were complete for their intended use and the operations abroad did not destroy the identity of the exported articles, nor did they create a new or commercially different article. Under subheading 9802.00.50, HTSUS, "[c]hanges and additions to an article constitute alterations so long as the article has not lost its identity or has not been converted into something else." *Chevron Chem. Co. v. United States*, 23 C.I.T. 500, 507 (Ct. Intl. Trade 1999). As stated above, the merchandise exported was the same as the merchandise imported after repair.

In *Press Wireless v. United States*, 6 Cust. Ct. 102 (Customs Court 1941), the Customs Court held that repairs are operations necessary to restore articles to their original condition, but cannot be so extensive as to destroy the identity of the exported article or create a new or different article.[4] In this case, the repairs to the power supplies were necessary to restore the

---

[4] See also 19 CFR § 181.64, which defines "repairs or alterations" as the restoration, addition, renovation, redyeing, cleaning, resterilizing, or other treatment which does not destroy the essential characteristics of, or create a new or commercially different good from, the good

Plaintiffs Response to Defendant's Partial Motion To Dismiss
Court No. 22-00322

them to their original condition. PowerTec submitted sufficient documentation under 19 CFR 10.8 to establish that the power supplies and cables were repaired abroad and entitled to duty-free treatment under 9802.00.50, HTSUS.

**V.    Improper Assessment of Section 301 Duties**

The merchandise was re-imported under Entry 267-0612347-3 and classified under 9903.88.03, HTSUS, which imposes a 25% duty rate on articles of China. However, Section 301 duties should only apply to the value of repairs or alterations performed abroad, as provided under 9802.00.50, HTSUS. CBP improperly assessed Section 301 duties on the full value of the merchandise, contrary to the statutory framework and established administrative guidance. *Kent Displays, Inc. v. United States*, 698 F. Supp. 3d 1339 (Ct. Inti. Trade 2024).

**VI.   Refund of Section 301 Duties**

PowerTec now seeks a refund of ▓▓▓ in Section 301 duties assessed on the defective power supplies that were exported for repair and subsequently returned, less the Section 301 duties assessed on the value of rework charges ▓▓▓). The plaintiff contends that these duties were improperly assessed, as the goods were not subject to the conditions warranting such duties under applicable law. The plaintiffs' claim is consistent with the statutory framework governing protests and refunds under 19 U.S.C. 1514 and 1515, as well as the duty-free treatment provided under 9802.00.50, HTSUS. *Corrpro Cos. v. United States,* 433 F.3d 1360 (Fed. Cir. 2006), *ARP Materials, Inc. v. United States,* 520 F. Supp. 3d 1341 (Ct. Inti. Trade 2021).

**CONCLUSION**

In conclusion, the plaintiff consents to the defendant's partial motion to dismiss while reiterating the validity of the claims asserted in the complaint. The plaintiff respectfully requests

---

exported from the U.S.

Plaintiffs Response to Defendant's Partial Motion To Dismiss
Court No. 22-00322

that the Court retain jurisdiction over the remaining claims and proceed to adjudicate the substantive issues raised in this action. The plaintiffs' claims are firmly grounded in the statutory provisions and legal principles governing customs protests and refunds, and the plaintiff is entitled to the relief sought in the complaint.

Dated: July 8, 2025

Respectfully submitted,

/s/George R. Tuttle III.
GEORGE R. TUTTLE III
Law Office of George R. Tuttle
A Professional Corporation
3950 Civic Center Drive, Suite 310
San Rafael, California 94903
Email: geo@tuttlelaw.com
Attorney for Powertec Solutions
    International LLC
Telephone: (415) 986-8780

Plaintiffs Response to Defendant's Partial Motion To Dismiss
Court No. 22-00322

# CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for *Plaintiff's Response to Defendant's Partial Motion to Dismiss*, as computed by Law Office of George R. Tuttle word processing system Microsoft Word 365 ProPlus, is 2,971 words, less than the 7,000 word limit.

/s/ George R. Tuttle III
*George R. Tuttle III*
Counsel for Plaintiff

Dated: July 8, 2025

## CERTIFICATE OF SERVICE

I, Pamela Collins, state that I am an employee of the Law Offices of George R. Tuttle, A P.C., with offices located at 3950 Civic Center Dr, Ste 310, San Rafael, California, 94903, and that on July 8, 2025, I served on behalf of plaintiff herein, the within:

*Plaintiff's Response to Defendant's Partial Motion to Dismiss*
*PowerTec Solutions International LLC*
Ct. 22-00322

on the below listed party, in said action or proceedings, through the Court's electronic service under Rule 5(b)(2)(F) as follows:

Monica P. Triana, Esq.
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278

Executed on July 8, 2025, San Rafael, California.

*/s/ Pamela Collins*
Pamela Collins